UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ALLA IOSIFOVNA SHUPER,         )
                               )
            Plaintiff,         )
                               )
v.                             )   Docket no. 2:14-cv-00480-GZS
                               )
DISABILITY REINSURANCE         )
MANAGEMENT SERVICES,           )
                               )
            Defendant.         )

**ORDER ON ALL PENDING MOTIONS**

1. **Application To Proceed *In Forma Pauperis***

    Before the Court are Plaintiff Alla Iosifovna Shuper's Applications to Proceed *In Forma Pauperis* (ECF Nos. 4, 11 & 15).  The Court hereby GRANTS Plaintiff leave to proceed *in forma pauperis* in this action.

2. **Motions For Reconsideration**

    Also before the Court are the Motion for Reconsideration (ECF No. 3) and the Motion to Amend the Motion for Reconsideration (ECF No. 5).  Both of these Motions pertain to the Court's November 18, 2014 Order requesting that Plaintiff either pay the filing fee or file a request to proceed *in forma pauperis* in each of her docketed cases.  (See Order (ECF No. 2).)  In light of the Court's decision to grant Plaintiff's request to proceed *in forma pauperis*, the Court finds the

requests for reconsideration (ECF Nos. 3 & 5) MOOT.[1] The Court notes that similar motions for reconsideration were filed in each of Plaintiff's then twenty-four cases.[2]

**3.     Appeal To The Chief Judge**

Plaintiff Shuper has also filed an Appeal to the Chief Judge (ECF No. 6). To the extent that Plaintiff Shuper is appealing the Court's November 18, 2014 Order to the Chief Judge, there is no such right to appeal to the Chief Judge, and it is therefore DENIED. As with the Motion for Reconsideration and the Motion to Amend the Motion for Reconsideration, *pro se* Plaintiff Shuper's Appeal to the Chief Judge was filed in each of her then twenty-four cases.

**4.     Change In *Pro Se* Filing Status**

Plaintiff Shuper has also filed a Motion to Accept the Change in *Pro Se* Filing, thereby requesting that she be permitted to file documents manually rather than electronically (ECF No. 8). The Court GRANTS the Motion, which has also been filed in each of her cases.

**5.     Review Of The Complaint Under 28 U.S.C. § 1915(e)(2)**

Upon the Court's review of the Complaint, the Court concludes that the case must be dismissed in accordance with 28 U.S.C. § 1915(e)(2). Through the handwritten Complaint, Plaintiff Shuper attempts to bring a case against Disability Reinsurance Management Services. The Complaint alleges that Plaintiff Shuper worked at Disability Reinsurance Management Services from January of 2005 until June of 2007. (Compl. (ECF No. 1) ¶ 1.) In the beginning, Plaintiff Shuper worked as a copy clerk, and she later worked in a different position. (Id. ¶¶2, 3.)

---

[1] The Court also notes that Plaintiff Shuper has filed an interlocutory appeal with regard to the Court's November 18, 2014 Order. (See Interlocutory Appeal (ECF No. 9).)

[2] Since November 12, 2014, Plaintiff Shuper has filed twenty-five complaints with this Court. However, Shuper v. Falmouth Memorial Library, 2:14-cv-00506-GZS, was not filed by Plaintiff Shuper until November 25, 2014, after she filed the Motion for Reconsideration and the Motion to Amend the Motion for Reconsideration on November 19 and 20, 2014.

The Complaint alleges that after Plaintiff Shuper became sick in 2006, the Supervisor began asking Plaintiff Shuper questions about her disability. (Id. ¶ 5.) Although Plaintiff Shuper did not tell the Supervisor about her disability, the Complaint alleges that the Supervisor began discriminating against Plaintiff Shuper by creating complaints in Plaintiff Shuper's group. (Id.) The Complaint further alleges that Plaintiff Shuper was fired, and that another individual, the Manager of the Facility Department, was fired as well. (Id. ¶¶ 6, 7.) The Complaint also alleges that Plaintiff Shuper worked hours that were not accounted for or calculated.[3] (Id. ¶ 11.) For relief, the Complaint requests an investigation into the actions of Disability Resource Management Services and $100,000. The Complaint does not indicate under what legal theory or statute Plaintiff is pursuing her claim.

Liberally construing the Complaint, the Court cannot see any claim against the named Defendant. First, to the extent that Plaintiff Shuper asserts a claim for violations of 42 U.S.C. § 1983, in order to be held liable under § 1983, a defendant must be a state actor. Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005) (stating that "a plaintiff claiming a § 1983 violation must allege that a person or persons acting under color of state law deprived him of a federal constitutional or statutory right. . . . If the plaintiff fails to allege facts sufficient to establish . . . that the defendant or defendants acted under color of state law, then the § 1983 claim is subject to dismissal. (internal citations omitted).) Plaintiff Shuper does not allege that the Defendant is a state actor nor do the facts support such a finding. See id. at 4-9 (finding that a private hospital, private healthcare services provider and private physicians were not state actors and could not be held liable under section 1983). Therefore, the Complaint does not state a claim under § 1983.

---

[3] The Court notes that parts of the Complaint are simply illegible.

The Complaint also fails to state a claim for a violation of the Americans with Disabilities Act ("ADA"). Title I of the ADA prohibits discrimination in employment on the basis of a disability and states:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112. However, prior to bringing suit for a violation of Title I of the ADA, a plaintiff must comply with certain procedural requirements. 42 U.S.C. §§ 2000e-5 to -9; see 42 U.S.C. §§ 12117(a), 12203(c); Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 389 (1st Cir. 2014). First, in Maine, an individual seeking to press a claim under Title I of the ADA must file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the accrual of a cause of action. See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). "The second component is equally straightforward. Upon receiving a right-to-sue letter, a putative plaintiff has ninety days to file suit. Failure to do so creates a temporal barrier to the prosecution of an ADA claim." Rivera-Diaz, 748 F.3d at 390.

The failure to comply with these procedural requirements and the statute of limitations mandates dismissal of Plaintiff's Complaint. First, the Complaint provides no indication that Plaintiff Shuper ever filed a charge of discrimination with the EEOC, let alone within the requisite time period, which "forecloses recourse to the courts." Rivera-Diaz, 748 F.3d at 390. Second, Plaintiff Shuper was discharged from her employment in June of 2007, over seven years before the Complaint was filed. (Compl. ¶¶ 1, 6.) In short, Plaintiff's claims under Title I of the ADA are barred by her failure to assert them in a timely manner. "The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also

4

protect employers from the burden of defending claims arising from employment decisions that are long past." Delaware State College v. Ricks, 449 U.S. 250, 256–57 (1980).

The Complaint also fails to state a claim for violations of the Maine Human Rights Act ("MHRA") because the Court's analysis of the ADA claim applies with equal force to a MHRA claim. Bilodeau v. Mega Indus., 50 F. Supp. 2d 27, 32 (D. Me. 1999) ("In analyzing the ADA and MHRA, the Court need not continuously distinguish between the two statutes as to their scope and general intent because Maine courts consistently look to federal law in interpreting state anti-discriminatory statutes." (citations omitted)).

In accordance with 28 U.S.C. § 1915(e)(2), the Court readily finds the present Complaint fails to state any cognizable claim. Therefore, the Complaint must be DISMISSED.

**6.      Motion For Leave To Appeal *In Forma Pauperis***

Finally, before the Court is Plaintiff Shuper's Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 10). Through Plaintiff Shuper's Motion, she asks this Court to excuse her from paying the filing fees in connection with her November 28, 2014 Notice of Appeal (ECF No. 9). The Court believes that Plaintiff Shuper's November 28, 2014 Notice of Appeal is premature and improper given the procedural posture of her case. As a result, the Court concludes that the present appeal is not taken in good faith as required under 28 U.S.C. § 1915(a)(3) & F.R.A.P. 24(a)(2) & (4). For this reason, the Court DENIES the Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 10).

**7.     Conclusion**

The Clerk is directed to DISMISS this action and mail a copy of this Order to Plaintiff Shuper. Additionally, the Court certifies that any appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 19th day of December, 2014.